DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Francis Gibbs, | ) | |
| | ) | CASE NO. 4:07 CR 480 |
| Petitioner, | ) | (Civil Case No. 4:08 CV 2982) |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

I. Introduction

The petitioner, Francis Gibbs (hereinafter "Gibbs"), acting *pro se*, seeks habeas relief from his conviction and sentence. Gibbs pled guilty to the three counts in the indictment dealing with the sale of crack cocaine. His conviction of the third count mandated a mandatory minimum sentence of 120 months. Gibbs did not file a direct appeal. Gibbs was indicted along with his brother, Willie Gibbs, who was the beneficiary of a safety valve reduction which resulted in a sentence of 60 months. From a review of the record, it is apparent that Willie Gibbs was the moving force with respect to the three counts in the indictment and that he was aided and abetted by his brother, i.e., the petitioner. This case stands as a monument to the proposition that mandatory minimum sentences create situations that arguably result in inequities, as in this case, because of the fact that Willie Gibbs was obviously aided and abetted by his brother, the petitioner, in this case. Notwithstanding, the apparent inequities in this case, the petitioner received a sentence twice as long as his brother, Willie Gibbs.

The petitioner seeks habeas relief based on the proposition that he received ineffective

(4:07 CR 480
 Civil Case No. 4:08 CV 2982)

assistance of counsel and is consequently entitled to either dismissal or a new trial.

## II.  The Three Counts in the Indictment

Count 1 alleged that Willie Gibbs and the petitioner distributed five grams or more of crack cocaine on June 15, 2007 and in violation of 21 U.S.C. § 841(a) and (b)(1)(B) and 18 U.S.C. § 2.

Count 2 made a similar allegation and the date of the offense was June 19, 2007.

Count 3 of the indictment made a similar allegation and the date of the offense was June 21, 2007, but the amount of crack cocaine was alleged to be 50 grams or more.

The offense conduct was described in the presentence report in paragraphs seven through 15 and as set forth in Appendix I herein.

## III.  The Guilty Plea

The transcript of the guilty plea, i.e., Docket No. 32, consists of 31 pages and both Willie Gibbs and the petitioner entered pleas of guilty on November 9, 2007.  Before the Court accepted the guilty pleas, it requested a factual basis supporting the guilty pleas, and the same is set forth at pages 15 and 16 of the transcript of the guilty plea hearing and as attached hereto as Appendix II.  The presentence report for the petitioner recites his acceptance of responsibility at paragraph 18 and which states as follows:

> "I have reviewed the indictment and I accept responsibility for the allegations in that document and accept responsibility."

## IV.  The Sentencing of Willie Gibbs and the Petitioner

As indicated in the Offense Conduct (Appendix I) the investigation involving Willie

2

(4:07 CR 480
 Civil Case No. 4:08 CV 2982)

Gibbs began with the sale of weapons to confidential informants.  See paragraphs 8, 9 and 10 of the presentence report at Appendix I.

The Court sentenced Willie Gibbs first in a lengthy colloquy between the Court and Willie Gibbs' counsel, and which eventually resulted in awarding Willie Gibbs a safety valve reduction from his sentence.  The colloquy is captured in the transcript of the sentencing hearing at pages one through 21.  See Appendix III.  The Court then turned to the sentencing of the petitioner and determined that the petitioner was not entitled to a 5K1.1 reduction for substantial assistance as had been anticipated as a possibility at the time the petitioner entered a plea of guilty on November 9, 2007.  At the request of the petitioner's counsel and with the concurrence of the United States Attorney's Office, both Willie Gibbs and the petitioner were permitted to remain on bond after the entering of the guilty pleas and prior to the sentencings conducted on February 27, 2008.  The discussion of the appropriate sentence for the petitioner is contained in pages 21 through 30 of the transcript of the sentencing hearing and is set forth herein as Appendix IV.

V.  The Petitioner's Pro Se Application for Habeas Relief

The sole ground advanced by the petitioner for habeas relief states:

> CONVICTION OBTAINED by plea of guilty without
> understanding of consequences, [sic] of plea; [sic] nor made
> voluntarily.
> Ground two: ineffective assistance of counsel

The petitioner submitted an "attached brief" to 2255 motion consisting of four pages attached hereto as Appendix V and accompanied by an affidavit which states in its entirety as

3

(4:07 CR 480
 Civil Case No. 4:08 CV 2982)

follows:

>I, FRANCIS GIBBS, DO HEREBY OF SOUND BODY AND MIND DO MAKE AND SUBSCRIBE THIS AFFIDAVIT OM [SIC] BEHALF JUST AS IF IT WS SWORN TESTIMONY UNDER OATH. I DO STATE THAT I AM OF FREE MIND AND FREE OF ANY DRUGS. [SIC] OR ALCOHOL INFLUENCES. I FURTHER STATE THAT I AM FREE OF ANY MEDICINE THAT MAY CAUSE ME TO BE DISINHERENT [sic]OR INCORHERENT [sic].
>
>I AM SUBMITTING THIS AFFIDAVIT ON MY BEHALF TO STATE TO THE COURT AND AS TO BACK UP MY CLAIMS IN MY 2255 MOTION THAT PERTAINS TO MY SENTENCE, CHARGES, AND CONVICTION ON 21§841(a) and 21§841(a)(B)(1) THAT ALLEGE MY INVOLVEMENT IN POSSESSION WITH INTENT TO DISTRIBUTE.
>
>I SUBMIT THIS AFFIDAVIT ON MY BEHALF TO LET THE COURT KNOW THAT I NEVER SOLD, OR POSSESSES ANY DRUGS TO SELL. I ONLY DROVE THE CAR IN THIS ALLEGED DRUG TRANSACTION SCENARIOS AT THE REQUEST OF MY BROTHER AND DUE TO THE FACTS THAT I WAS WITHOUT MONEY OR FUNDS AND I RECEIVED A FEW HUNDRED DOLLARS FOR EACH TRIP THAT I DROVE THE CAR. AND AS FOR POSSESSION OF ANY FIREARM THAT I WAS ALSO SENTENCED FOR: LET IT BE CLEAR, THAT THROUGH OUT [sic] THIS I HAVE NEVER HAD A GUN, NOR DID I EVER HAVE A GUN IN MY PROXIMITY. THERE NEVER WAS A GUN IN OR AROUND MYSELF, OR BROTHER WHENEVER I DROVE HIS CAR FOR HIM.
>
>I ALSO STATE IN THIS AFFIDAVIT THAT I HAD NO REAL UNDERSTANDING OF WHAT I HAD PLEADED GUILTY TO, OR WHAT WAIVERS I HD SIGNED, ANY AND EVERYTHING THAT I DID WAS AT THE SUGGESTION OF MY ATTORNEY.

(4:07 CR 480
 Civil Case No. 4:08 CV 2982)

### VI.  The Government's Response

The government filed a brief in opposition.  (Docket No. 35).  The government points out that the defendant was never charged with the crime of conspiracy, but as an aider and abettor, and that furthermore, the defendant was not subject to a two level enhancement for possession of firearms.  The government's response does not address the first ground for relief advanced by the petitioner to the effect that "CONVICTION OBTAINED by plea of guilty without understanding of consequences, or plea: [sic] nor made voluntarily," but concentrates on the petitioner's ground two that he was denied the effective assistance of counsel.

### VII.  The Petitioner's Brief in Response to the Government's Brief (Docket No. 41)

The petitioner filed a *pro se* response to the government's brief. and devoted the first 13 pages of the brief in support of the proposition that this Court lacked jurisdiction to consider the crimes alleged in the indictment.  Such a claim is without merit.  Beginning at page 14 of petitioner's response brief, the argument is advanced that petitioner's counsel, Lawrence Whitney, provided ineffective assistance of counsel.  See pages 16 through 18 attached hereto as Appendix VI, and then concludes with what is described as AMENDED CONCLUSION AND RELIEF SOUGHT which states as follows:

> The Petitioner herein requests this honorable court to amend the previous "Conclusion" section and utilize the herein "Amended Conclusion and Relief Sought" Petitioner offers to this honorable court.
>
> Petitioner herein requests this honorable court to grant the following "relief" as a matter of law and justice require.
>
> 1) Because the court has not, nor has the government evidenced on

5

(4:07 CR 480
Civil Case No. 4:08 CV 2982)

> th [sic] courts [sic] record, the required jurisdiction in order to even place judgment or hear the matter, the Petitioner requests this honorable court to grant a dismissal of the matter for a lack of subject matter jurisdiction and/or
>
> 2) Because of the multiple or even single clear errors and/or defieiencies [sic] of Petitioner's trial counsel, petitioner herein requests this honorable court to either l. dismiss for lack of jurisdiction because a court looses [sic] its jurisdiction to a valid Sixth Amendment claim or 2. order a new trial and grant Petitioner new counsel for said new trial because of the Sixth Amendment violation in the trial proceedings and/or 3) Grant any other relief that this honorable court sees fit and just to serve law. [sic] including but not limited by granting new direct appeal rights in order to fix the clear errors Petitioners [sic] counsel made during trial or sentencing.

## VIII. The Court's Ruling

The Court first addresses the question of whether the petitioner's guilty plea was voluntarily entered. The Court has reviewed the transcript of the taking of the guilty plea (Docket No. 32) and finds that it properly advised the petitioner as to his rights and the nature of the criminal conduct alleged in the indictment and finds that the guilty pleas were voluntarily entered by the petitioner. The Court relies upon the transcript of the change of plea hearing beginning at page five through page 29, attached hereto as Appendix VII.

The petition and the petitioner's response to the government's brief fail to set forth any facts that would support the proposition that the petitioner was denied the effective assistance of counsel. The petitioner has to do more than just declare a denial of the effective assistance of counsel. He must set forth facts that demonstrate a denial of the effective assistance of counsel. Even the petitioner's pleading supports the proposition that he aided and abetted his brother,

6

(4:07 CR 480
 Civil Case No. 4:08 CV 2982)

Willie Gibbs, in the sale of the cocaine on the three occasions.  The reference to the sale of handguns that began the investigative efforts did not play a role in the petitioner's criminal conduct, nor was he charged or assessed any penalty with respect to the possession of firearms.

  As the Court indicated in its Introduction, the imposition of 120 months, when compared to a lighter sentence imposed upon his brother, Willie Gibbs, seems unfair, but the petitioner's complaint with respect to unfairness needs to be addressed eventually to the Congress and/or to the President who has the power to grant a commutation of the ten year sentence.  This Court does not have a similar power.

  The Court finds that it must deny the petitioner's habeas relief and will file a judgment entry so indicating and will also deny a certificate of appealability.


  IT IS SO ORDERED.


|  May 15, 2009  |  */s/ David D. Dowd, Jr.*  |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |